# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOILERMAKER-BLACKSMITH NATIONAL PENSION FUND; BOILERMAKERS NATIONAL HEALTH AND WELFARE FUND; BOILERMAKERS NATIONAL ANNUITY TRUST; BOILERMAKERS' APPRENTICESHIP AND TRAINING FUNDS; JOHN FULTZ as a fiduciary of the BOILERMAKER-BLACKSMITH NATIONAL PENSION FUND, BOILERMAKERS NATIONAL HEALTH AND WELFARE FUND, BOILERMAKERS NATIONAL ANNUITY TRUST and BOILERMAKERS' APPRENTICESHIP AND TRAINING FUNDS; THE MOBILIZATION, OPTIMIZATION, STABILIZATION AND TRAINING FUND; and ROGER ERICKSON as a fiduciary of THE MOBILIZATION, OPTIMIZATION, STABILIZATION AND TRAINING FUND,<br>          Plaintiffs,<br>vs.<br>ALLIED BOILER & WELDING CO., INC.<br>          Defendant. | Case No. 13-cv-2510 JTM/KGG |

## COMPLAINT

Plaintiffs, for their cause of action against Defendant Allied Boiler & Welding Co. Inc. (hereinafter "Allied"), state as follows:

## PLAINTIFFS' REQUEST FOR PLACE OF TRIAL

1.   Pursuant to District of Kansas Rule 40.2, Plaintiffs hereby request that trial in this matter be held in Kansas City, Kansas.

1

## NATURE OF THE CASE

2. This is an action brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145 to collect fringe benefit contributions from the Defendant due and owing the Plaintiff Employee Benefit Plans. Plaintiffs bring this action against Defendant for failing to comply with its statutory and contractual obligations to the Plaintiff Funds arising by virtue of Defendant's collective bargaining agreement with the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO and/or its affiliated local unions (hereinafter "Union").

## PARTIES

3. Plaintiff Boilermaker-Blacksmith National Pension Fund (hereinafter "the Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Pension Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Pension Fund maintains its principal place of administration at 754 Minnesota Avenue, Kansas City, Kansas 66101, which is located within the territorial boundaries of the District of Kansas. The Pension Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(5).

4. Plaintiff Boilermakers National Health and Welfare Fund (hereinafter "the Health & Welfare Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Health & Welfare Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Health & Welfare Fund maintains its principal place of administration at 754 Minnesota Avenue, Kansas City, Kansas 66101, which is located within the territorial

boundaries of the District of Kansas. The Health & Welfare Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

5. Plaintiff Boilermakers National Annuity Trust (hereinafter "the Annuity Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Annuity Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Annuity Fund maintains its principal place of administration at 754 Minnesota Avenue, Kansas City, Kansas 66101, which is located within the territorial boundaries of the District of Kansas. The Annuity Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

6. Plaintiff Boilermakers' Apprenticeship and Training Funds (hereinafter "the Apprenticeship Funds") are "employee benefit plans" within the meaning of 29 U.S.C. § 1002(3). The Apprenticeship Funds are legal entities that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Apprenticeship Funds maintain their principal place of administration at 753 State Avenue, Kansas City, Kansas 66101. The Apprenticeship Funds' agent for the collection of contributions is located at 754 Minnesota Avenue, Kansas City, Kansas 66101, which is located within the territorial boundaries of the District of Kansas. The Apprenticeship Funds are "multi-employer plans" within the meaning of 29 U.S.C. § 1002(37) and have been established pursuant to § 302(c)(5) and (6) of the LMRA, 29 U.S.C. § 186(c)(5) and (6).

7. Plaintiff John Fultz is a fiduciary of the Plaintiffs Pension Fund, Health & Welfare Fund, Annuity Fund, and Apprenticeship Funds within the meaning of 29 U.S.C. § 1002(21), and as such, is a proper party to this action.

8. Plaintiff Mobilization, Optimization, Stabilization and Training Fund (hereinafter "the MOST Fund") is an employee benefit plan within the meaning of 29 U.S.C. § 1002(3). The MOST Fund maintains its principal place of administration at 753 State Avenue, Kansas City, Kansas 66101, which is located in the District of Kansas. The MOST Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). Additionally, the MOST Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c).

9. Plaintiff Roger Erickson is a fiduciary of the MOST Fund within the meaning of 29 U.S.C. § 1002(21), and as such, is a proper party to this action.

10. By information and belief, Defendant Allied Boiler & Welding Co., Inc. (hereinafter "Allied") is a corporation organized under and existing by virtue of the laws of the State of Indiana. Allied is an employer within the meaning of 29 U.S.C. § 1002(5).

## JURISDICTION

11. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§ 1132 and 1145, and also pursuant to 28 U.S.C. § 1331.

12. Whereas the Plaintiff employee benefit plans are administered in the District of Kansas, venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2).

## CAUSE OF ACTION

13. Allied is a party to a collective bargaining agreement with the Union. Said collective bargaining agreement has been in effect at all times material to this action.

4

14. Each of the Plaintiffs Pension Fund, Health & Welfare Fund, Annuity Fund, Apprenticeship Funds, and MOST Fund (hereinafter collectively the "Funds") is established and operated pursuant to a written agreement and/or declaration of trust. These agreements and/or declarations of trust are incorporated by reference into and are a material part of the collective bargaining agreement between Allied and the Union.

15. Upon information and belief, at all times material and relevant to this action, Allied has employed employees who have performed covered work under the collective bargaining agreement.

16. Allied is obligated under the collective bargaining agreement to submit reports and fringe benefit contributions timely to the Funds. Allied is required to submit contributions to the Funds each month in such amounts as determined by the number of hours of covered work performed by Allied's employees at the rates established for the Funds in the collective bargaining agreement.

17. The collective bargaining agreement requires that contributions due to the Funds are to be paid by the fifteenth (15th) day of the month following the month in which the work was performed. Payments are delinquent if not paid by the twenty-fifth (25th) day of the month following the month in which the work was performed.

18. Allied's reports of the hours of covered work performed during April through December 2012 only included a portion of the hours actually worked during those months. Consequently, Allied's payment for the contributions owing pursuant to the collective bargaining agreement on the hours of covered work performed during April through December 2012 fell

short of the full amount owing on all of the hours of covered work that were performed. As a result, Allied is in breach of the collective bargaining agreement(s).

19. Based upon Allied's own work reports and upon check stubs received from one of Allied's employees, the Funds have determined that Allied is liable to the Funds for delinquent contributions in an amount of nineteen thousand, nine hundred sixty-one and 94/100 dollars ($19,961.94) for work performed during April through December 2012. As a result, Allied is in breach of the collective bargaining agreement.

20. Allied's reports of the hours of covered work performed during September through December 2012 and its payment of the contributions due and owing thereon were remitted to the Funds in a manner considered untimely under the terms of the collective bargaining agreement. As a result, Allied is in breach of the collective bargaining agreement.

21. The collective bargaining agreement, the trust agreements, and ERISA provide remedies to the Funds in the event an employer fails to make required contributions. Among the remedies available are costs of collection, attorneys' fees, interest, and liquidated damages.

22. Pursuant to the collective bargaining agreement and the trust agreements incorporated therein, Allied is liable to the Funds for liquidated damages of twelve percent (12%) of the untimely and the unpaid contributions. Accordingly, Allied is liable to the Funds in the amount of two thousand, eight hundred two and 77/100 dollars ($2,802.77) upon the delinquent contributions for April through December 2012.

23. Pursuant to the collective bargaining agreement and the trust agreements incorporated therein, Allied is liable to the Funds for interest at the rate of twelve percent (12%) *per annum* upon the untimely and the unpaid contributions and the liquidated damages.

Accordingly, as of September 27, 2013, Allied is liable to the Funds for accrued interest in the amount of two thousand, nine hundred thirty-one and 57/100 dollars ($2,931.57) upon the delinquent contributions for April through December 2012, and liquidated damages thereon. Interest continues to accrue.

24. The Funds have incurred attorneys' fees and other costs in their efforts to remedy Allied's failure to pay fringe benefit contributions. The Funds are entitled to recover these fees and costs pursuant to the terms of the collective bargaining agreement and by law.

25. Under the collective bargaining agreement and by law, the Funds have the right to audit any of the books and records of Allied necessary to determine the precise amount due to the Plaintiffs. Under law, the cost of such audit is a cost of this action and is to be awarded to the Funds and against Allied.

**WHEREFORE,** Plaintiffs pray that the Court enter an Order:

i) Finding that Defendant Allied is liable to the Plaintiffs in the amount of twenty-five thousand, six hundred ninety-six and 28/100 dollars ($25,696.28) (contributions - $19,961.94; liquidated damages - $2,802.77, and interest accrued through September 27, 2013 - $2,931.57) and entering judgment against the Defendant and in favor of the Plaintiffs for these amounts, plus interest that accrues from the commencement of this action through the date judgment is entered;

ii) Requiring Defendant Allied to permit a qualified, certified public accountant, selected by the Plaintiffs, to audit the Defendant's books and records at Defendant's expense to determine any other contributions, liquidated damages, and interest that may be due and owing the Plaintiff Funds pursuant to the collective bargaining agreement;

      iii)    Allowing the Plaintiffs to apply for an award against Defendant Allied for amounts that are determined due and owing based on the audit, on employer reports received after the filing of this action, or on another valid method of estimating the contributions that are due and owing, plus liquidated damages and/or interest on the fringe benefit contributions as of the date judgment is entered and thereafter;

      iv)    Awarding the Plaintiffs their costs of this action, including Plaintiffs' reasonable attorney's fees; and

      v)    Granting the Plaintiffs such other relief that the Court deems just and proper, including interest that accrues during the pending of this action.

Respectfully submitted,

**BLAKE & UHLIG, P.A.**

By   /s/ Carol Krstulic
Carol A. Krstulic, Kansas Bar No. 24122
753 State Avenue, Suite 475
Kansas City, Kansas 66101
Telephone: (913) 321-8884
Facsimile: (913) 321-2396
**ATTORNEYS FOR PLAINTIFFS**